

1  Bruce P. Murchison
   Pro Se
2  4850 South Lantana Place
   Tucson, Arizona 85730
3

## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| BRUCE P. MURCHISON, a class representative, | ) ) ) |
| Plaintiff, | ) **CIV 11-281 TUC DTF** ) |
| vs. | ) Case No.: ) |
| TUCSON UNIFIED SCHOOL DISTRICT (TUSD), a legal entity, JOHN PEDICONE, in his official capacity as Superintendent of TUSD, DR. MARK STEGEMAN, TUSD Board President, JUDY BURNS, TUSD Board Clerk, MIGUEL CUEVAS, TUSD Board member, MICHAEL HICKS, TUSD Board member, ADELITA GRIJALVA, TUSD Board member, | ) ) ) ) **COMPLAINT** ) ) **JURY TRIAL DEMANDED** ) ) ) ) ) |
| Defendants. | ) ) ) |

Comes now Plaintiff and for his cause of action against defendants alleges:

## NATURE OF THE ACTION

This is a class action brought pursuant to the 4th and 14th Amendments of the United States Constitution to correct various willful employment practices, policies and procedures implemented by the Defendants (collectively referred to as TUSD) that have denied benefits guaranteed by written contract, TUSD policy and Arizona State Law.

The individual Plaintiffs seek appropriate class-wide injunctive and declaratory relief, as well as monetary damages, for the harm caused to them by the willful actions of the Defendants which have denied them compensation and/or have caused them to be discriminated against by denying them equal protection.

## JURISDICTION AND VENUE

1. Because a Federal question is involved, this Court has jurisdiction over this action pursuant to 28 U.S.C. Section 1331. Plaintiffs' request for declaratory relief is authorized by 28 U.S.C. Sections 2201 and 2202, and by Rule 57, Federal Rules of Civil Procedure.

2. The employment policies and practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for Arizona. Venue is appropriate in this District because it is the District where Defendants reside and/or are authorized to conduct and are conducting business and where Plaintiff Bruce Murchison is a representative party on behalf of all members of a class: the employees of Defendant TUSD.

## THE PARTIES

3. Plaintiff Bruce Murchison hereinafter referred to as Plaintiff Murchison is and has been at all relevant times an employee of Defendant TUSD. He resides at 4850 South Lantana Place, in Tucson, Arizona, 85730, in the County of Pima.

4. This action is brought by Plaintiff Murchison as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure against all Defendants. The class represented by Plaintiff Murchison consists of current and former employees of Defendants who were harmed by, discriminated against and/or whose rights, protections and other

benefits were impaired or interfered with by Defendants through the adoption of unlawful policies, practices and procedures that have class-wide application and effect, as more particularly set forth below in Paragraphs 20 through 50.

5. The exact size of the class is not presently known but is believed to consist of at least 500 current or former employees of Defendant TUSD, making the class so numerous that joinder of individual members would be impractical. The questions of law and fact whether Defendants' policies, practices and procedures that apply to and affect these employees have been adopted and implemented in violation of the 4th and 14th Amendments, Arizona State Law and TUSD policy and are common to all members of that class.

6. The claims asserted are typical of those of all of the members of the class.

7. Plaintiff Murchison has a substantial interest in the outcome of this litigation insofar as the rights of the employees he represents are being interfered with and denied in violation of the Constitution and, despite repeated efforts, Plaintiff Murchison has been unable to convince Defendants to comply with their obligations through negotiation and contractual grievance resolution. Plaintiff Murchison will fairly and adequately protect the interests of the class.

8. Prosecution of separate actions by individual class members challenging Defendants' policies, practices and procedures that have class-wide application and effect would create the risk of inconsistent or varying adjudications with respect to individual members of the class which would establish incompatible standards of conduct for the Defendant companies.

9. Prosecution of separate actions would also create the risk of adjudications with respect to individual members of the class which would, as a practical matter, be dispositive of the interests of members who are not parties to those adjudications and would substantially impair or impede their ability to protect their interests.

10. In adopting and implementing the policies, practices and procedures alleged herein, Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or declaratory relief with respect to the class as a whole.

11. The class action is superior to other available methods for fairly and efficiently adjudicating the controversy concerning whether Defendants' policies, practices and procedures that have class-wide impact and effect are in violation of their own policies, State Law and the US Constitution.

12. Defendant, Tucson Unified School District, hereinafter referred to as Defendant TUSD, is a legal entity located and operating at 1010 East Tenth Street, Tucson, Arizona 85719 in the County of Pima.

13. Defendant, Dr. John Pedicone, hereinafter referred to as Defendant Pedicone, is the Superintendent of TUSD located at 1010 East Tenth Street, Tucson, Arizona 85719 in the County of Pima.

14. Defendant, Dr. Mark Stegeman, hereinafter referred to as Defendant Stegeman, is the President of the TUSD Governing Board located at 1010 East Tenth Street, Tucson, Arizona 85719 in the County of Pima.

15. Defendant, M. Judy Burns, hereinafter referred to as Defendant Burns, is the Clerk of the TUSD Governing Board located at 1010 East Tenth Street, Tucson, Arizona 85719 in the County of Pima.

16. Defendant, Mr. Miguel Cuevas, hereinafter referred to as Defendant Cuevas, is a member of the TUSD Governing Board located at 1010 East Tenth Street, Tucson, Arizona 85719 in the County of Pima.

17. Defendant, Michael Hicks, hereinafter referred to as Defendant Hicks, is a member of the TUSD Governing Board located at 1010 East Tenth Street, Tucson, Arizona 85719 in the County of Pima.

18. Defendant, Ms. Adelita Grijalva, hereinafter referred to as Defendant Grijalva, is a member of the TUSD Governing Board located at 1010 East Tenth Street, Tucson, Arizona 85719 in the County of Pima.

19. Upon information and belief, at all relevant times herein, all of the Defendants rely and implement District policies, procedures, and practices, including those affecting employee benefits and entitlements that are promulgated by TUSD. Upon further information and belief, unless otherwise indicated herein, these District-wide policies, procedures, and practices apply to all represented employees at TUSD and each of its schools.   Defendants will be collectively referred to hereafter as TUSD or Defendants.

## BACKGROUND

20. In 2000, voters in Arizona passed Proposition 301 which allowed for a .06 tax rate increase and the distribution of a portion of the general fund to the Arizona Department of Education and local school boards for use as performance pay to teachers.  Pursuant to A.R.S. § 15-997, this portion of the fund is to be distributed

annually to all school districts which, in turn, are to make payment to individual teachers who are employed by schools that/who have attained goals reflecting certain improvement in student performance and/or other selected areas.

21. The Defendant voted to accept and utilize a performance-based compensation system pursuant to A.R.S. § 15-997 and, further, issued a "Plan" to be used by schools within the district to create, implement and/or analyze performance goals (hereinafter referred to as "301 goals") to be relied upon at individual schools.

22. In addition, A.R.S. § 15-997 (C)(10) requires that an appeals process for teachers who have been denied performance based compensation be included.

23. In September of 2007, the Defendant notified Catalina Magnet and other schools that their faculty would not receive performance pay for the 2006/2007 school year, it did not provide the school council at Catalina Magnet the opportunity to determine if extenuating circumstances relating to Catalina Magnet's apparent failure to meet its goals and otherwise failed to provide the Plaintiffs an opportunity to appeal the decision made. In this regard, the Defendant failed to comply with A.R.S. § 15-997(C)(10) and deprived the Plaintiffs of due process.

## INITIAL COURT ACTION

24. In November of 2007, litigation was initiated in Pima County Superior Court (Murchison et al v. TUSD). The action was brought pursuant to A.R.S. § 12-1831, *et seq*. The issues at hand were violations of Contract Law and a denial of Due Process. The decision found that TUSD had failed to follow due process or acknowledge improvement shown and allow for the appeals process as mandated. The Court ordered TUSD to grant the teachers of Catalina an appeal meeting to review the data.

25. Dr. Edith Macklin, the assistant Superintendant for High Schools, and Dr. Elizabeth Fagan, TUSD Superintendant, reviewed data presented by Catalina's Site Council.  Neither person returned a favorable decision.  It is alleged that the decisions were predetermined due to the fact that the evidence presented was either never addressed (as with Dr. Macklin's response) or minimized (as with Dr. Fagan's).  The TUSD Governing Board refused to even look at the data, promotes an attitude of arrogance and disregard for both the Law and the Superior Court's findings and Order.

26. Based on information regarding student performance at Catalina Magnet published by the Defendant for the school year 2006/2007, the performance goals at issue at Catalina Magnet were, in fact, met or exceeded if an appropriate cohort of students is considered.  In fact, comparison to other schools that were initially denied but subsequently approved, indicate an improvement far greater than the threshold applied to said schools.

27. The actions of the Defendant complained herein were arbitrary and capricious.

28. The Plaintiffs have exhausted their administrative remedies.

## CLASS-WIDE CLAIMS FOR DECLARATORY RELIEF

## COUNT ONE

TUSD has failed to comply with and violated Equal Protection

29. Plaintiff Murchison incorporates by reference the allegations contained in Paragraphs 1 through 28 above as if fully set forth herein.

30. As a direct and proximate result of defendants' policies, procedures and practices alleged herein, the equal protection rights of employees represented by Plaintiff Murchison have been violated.

31. Other Schools were granted their performance pay upon appeal on data that showed less improvement than Catalina Magnet High School.

32. Schools were to meet two of three goals to qualify for performance pay.

33. For schools whose initial data did not show achievement of their 301 site goals, the format of the appeals which were granted approval showed both justification of why the goal(s) was/were not met and demonstrated where the school did improve, thus justifying performance pay. In addition, the appeals process portion of the District Plan contains allowances for extenuating circumstances.

34. Schools such as Dietz, Jefferson Park, and Vail, among others, explained where their school fell short, but also provided detailed data to give evidence of improvement in other areas. Based on the whole story, the District 301 committee approved their appeals and granted the performance pay to the teachers.

35. Catalina Magnet High School (CMHS), among others, was not afforded this same consideration.

36. The following schools are examples of schools that only met one goal but upon appeal were approved for performance pay:

37. Corbett elementary school justified not meeting their goals by stating that two of the three grades predicted to improve exceeded expectations and make up for the failure of the third.

38. Dietz elementary school justified not meeting their goals by stating that upon implementing a new program, performance drops initially and that in addition, it was the fourth grade that brought down the school as a whole.

39. Hudlow elementary school justified not meeting their goals by stating that there were no cut scores for the first grade on which to base measurement. As a result, combing the scores from the first and second grades allowed them to show an increase which would satisfy the stated goal.

40. When applying the same standards as applied in these other instances, District data for CMHS shows that the school did in fact merit performance pay as the requirement of two out of three goals being met is evident. In fact, improvement is shown in all three areas, far surpassing the original goals.

41. In regard to increasing the reading scores on the AIMS test, once a cohort of students is identified, specifically, students who were continuously enrolled over the two years being compared for improvement, an increase of 16.4% is shown. The original goal was 4.375%.

42. In looking at the benchmark scores for Math, due to the fact that there was no data for the 10th graders for the 3rd or 4th quarter of the second year of the comparison, the progress was inconclusive using benchmark data. As with the Dietz situation above, a new program had been implemented (Galileo) and the computer program crashed, causing an interruption in data and thus a decrease in scores. When replaced with AIMS data, and using the same cohort as in number 1 above, an increase of 13.9% can be observed. The goal was originally 4.9%.

43. Unexcused absences were reduced by 2.31%, from 57.96% to 55.65%, thus meeting the goal of lowering unexcused absences.

44. Had the appeals process been followed correctly, the administration would have conferred with the Site Council, as mandated by the District Plan for implementing

301 Site Goals. This data would have been presented to the District 301 committee, and following the same format being used by the other approved appeals, Catalina Magnet would have been granted performance pay.

45. In the Superior Court case cited above, Dr. Patty Lopez, the assistant Superintendent, testified that had she seen the appeal data from Catalina Magnet, she would have approved the appeal.

46. Further evidence of extenuating circumstances will be presented at trial.

## COUNT 2

### TUSD has committed a Breach of Contract

47. Plaintiff re-alleges all paragraphs set out in count 1 as if fully set forth herein.

48. TUSD contracts state that performance pay will be paid upon satisfaction of the 301 Goals for the site at which the employee works.

49. Defendant TUSD paid out performance pay to the majority of schools but failed to pay the schools at which the teachers in this class action work.

50. Given the arbitrary and capricious manner in which the Defendant applied its own criteria for satisfaction of meeting 301 Goals, members of said Class were deprived of their performance pay, thus constituting a breach of contract.

51. The members of this Class are entitled to performance pay.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for relief as follows:

A. That the Court issue an order certifying, under Rules 23(b)(1) and (2) of the Federal Rules of Civil Procedure, a class consisting of current and former employees of Defendants who were denied performance pay for the school year 2006-2007,

B. That the Court enter a declaratory judgment pursuant to 28 U.S.C. Section 2201 in favor of Plaintiff Murchison and the class of represented employees and against Defendants that Defendants' policies, practices, and procedures adopted and implemented to apply to and govern employees performance pay, as alleged herein, are in violation of the US Constitution, Federal and State Law, and TUSD policy.

C. That the Court issue an order directing Defendants to pay the costs of this litigation, including reasonable attorneys' fees, expert witness fees and other expenses.

D. With respect to the individual claims of the Class, that the Court issue an order directing Defendants to provide the following relief:

1. Pay Plaintiffs' performance compensation denied or lost to them by reason of Defendants' willful violation of the US Constitution, Federal and State Law, and TUSD policy, in amounts to be proven at trial;

2. Paying an additional amount as punitive damages for Defendants' willful violation of the US Constitution, Federal and State Law, and TUSD policy;

E. The Plaintiffs be granted a trial by jury on all issues of fact.

F. The Plaintiffs be granted such other and further relief as the court may deem just and proper.

RESPECTFULLY submitted this 6th day of May, 2011

By: _____
Bruce P. Murchison
Pro Per