**WO**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

Bruce C. Murchison,

Plaintiff,

vs.

Tucson Unified School District, et al.,

Defendants.

No. CV 11-281-TUC-DTF

**ORDER**

Pending before the Court are Defendants' Motions to Strike Plaintiff's sur-reply (Docs. 24, 25) and to Dismiss Plaintiff's Second Amended Complaint (Docs. 20-22).

**MOTION TO STRIKE**

Plaintiff filed a sur-reply to Defendants' reply brief on the motion to dismiss. Defendants then moved to strike the sur-reply because it is not allowed under the local rules. Plaintiff opposes the motion to strike, arguing that the sur-reply was necessary to provide the information Defendants contended should have been included in the complaint. A motion to dismiss is decided based on the allegations in the complaint, the Court cannot consider new allegations or evidence filed in subsequent documents. Therefore, these additional allegations are not helpful to resolving the motion to dismiss. Defendants did not raise any substantially new issues in their reply and the Court finds no grounds for a sur-reply. Therefore, the motion to strike is granted.

**MOTION TO DISMISS FOR PROCEDURAL VIOLATIONS**

Defendants argue Plaintiff violated the controlling procedural rules in that Plaintiff failed to follow the local rules governing the filing of an amended complaint. The Court granted Defendants' previous motion to dismiss, with leave to amend. Plaintiff's amended complaint was due February 23, 2012, which he timely filed. (Doc. 16.) The following day, February 24, Plaintiff filed a second amended complaint. (Doc. 17.) It is this amended complaint Defendants seek to dismiss.

Under the rules, a party seeking leave to amend must include a copy of the proposed pleading with brackets and strike-throughs indicating how it differs from the prior pleading. LRCiv. 15.1. In this case, because the Court ordered the filing of an amended complaint, Plaintiff was not required to comply with that rule. However, Plaintiff's filing of a second amended complaint, after the deadline and without leave to do so is, in violation of Federal Rule 15, requiring leave of Court to amend a second time. Fed. R. Civ. P. 15(a)(2).

There is no substantive difference between the first and second amended complaints, except the second amended complaint corrects scrivener's errors. For that reason, the Court declines to dismiss the late amendment and will grant Plaintiff leave for the filing of his second amended complaint.

Defendants also argue that Plaintiff did not properly serve his amended complaints. Defendants' counsel states that he received email notice of the second amended complaint only (not the first amendment) five days after it was filed. This is untimely service, conducted by improper method and Plaintiff failed to provide a certificate of service, which the Court explicitly informed him to do. However, because Defendants received notice sufficient to file a timely response, the Court will not dismiss the case on this ground.

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

**FACTS**

The facts below are taken as true from the Second Amended Complaint. Plaintiff alleges Defendants committed a breach of contract and violation of equal protection under the Fourteenth Amendment. Further, he contends Defendants' actions were intentional and arbitrary.

Plaintiff Bruce Murchison is employed as a teacher by Defendant Tucson Unified School District (TUSD), at Catalina Magnet High School. (Doc. 17 at 2, 4.) Defendants are the school district; the superintendent of the district, John Pedicone; the members of the TUSD Governing Board, Mark Stegeman, Miguel Cuevas, Michael Hicks and Adelita Grijalva; Elizabeth Celina-Fagen, former TUSD superintendent; and Edith Macklin, former assistant superintendent for TUSD.

TUSD participated in a state-wide program to distribute performance pay to teachers at schools that attained certain goals set forth in the district's plan. TUSD informed Catalina Magnet that they would not receive performance pay for the 2006-2007 school year. Defendants did not provide the school an opportunity to establish extenuating circumstances for not meeting its goals nor an appeal of the decision, which was required under the plan.

Plaintiff, and other Catalina Magnet teachers, sued TUSD in Pima County Superior Court in November 2007, alleging breach of contract and a violation of due process. The court determined that TUSD failed to provide the mandatory appeals process, and it was ordered to do so. The TUSD assistant superintendent for high schools, Macklin, and superintendent, Celina-Fagen, reviewed the data presented by Catalina Magnet and made a determination against the school. Plaintiff alleges those decisions were predetermined and the TUSD Governing Board and new superintendent, Pedicone, refused to review the data.

Plaintiff alleges that Catalina Magnet met or exceeded its performance goals for the 2006-2007 school year when "an appropriate cohort of students is considered." (Doc. 17 at 5.) When compared to other schools that were initially denied but subsequently approved for

performance pay upon appeal, Catalina Magnet is alleged to have demonstrated greater improvement.

In Count One, Plaintiff alleges that TUSD did not apply the same standard to all schools that appealed, and that under the standard used for other schools, Catalina Magnet would have been provided performance pay. In Count Two, Plaintiff alleges that TUSD contracts provide for performance pay upon satisfaction of the stated goals for the employees' school. Upon appeal, Catalina Magnet should have been approved for performance pay and Plaintiff should have been paid under his contract.

**DISCUSSION**

Defendants argue that Plaintiff fails to make allegations against the individual defendants and, pursuant to Federal Rule of Civil Procedure 12(b)(6), fails to state a claim for equal protection or breach of contract. Because the Court dismisses Counts 1 and 2 on the same ground for all Defendants (both TUSD and the individual defendants), it does not address the arguments limited to the individual Defendants.

Defendants attach to their motion to dismiss a copy of the Pima County Superior Court's judgment in the prior case brought by Plaintiff and others against TUSD. (Doc. 20, Ex. 1.) In ruling on a motion to dismiss, the Court generally cannot consider any material outside the complaint. *S.F. Patrol Special Police Officers v. City and Cnty. of S.F.*, 13 F. App'x 670, 675 (9th Cir. 2001). Defendants did not justify their attachment of this document and Plaintiff did not object. There are two exceptions to the rule, both of which apply to the document appended by Defendants. One, the Court may consider the judgment because Plaintiff refers to it in the Second Amended Complaint (Doc. 17 at 4 ¶ 20) and its authenticity is not in contention, and two, it is a matter of public record of which the Court can take judicial notice. *S.F. Patrol Special Police Officers*, 13 Fed. Appx. at 675. Therefore, the Court considers the judgment in ruling on the motion to dismiss.

**Standard for Rule 12(b)(6) Motion to Dismiss**

To survive a Rule 12(b)(6) motion to dismiss for failure to state a claim, the complaint must allege facts sufficient "to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plausibility standard does not amount to a probability requirement, however, it demands "more than a sheer possibility that a defendant has acted unlawfully." *Id.* In evaluating a motion to dismiss, "all well-pleaded allegations of material fact are taken as true and construed in a light most favorable to the nonmoving party." *Wyler Summit P'hip v. Turner Broad. Sys. Inc.*, 135 F.3d 658, 661 (9th Cir. 1998). However, "the court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). Likewise, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Dismissal under Rule 12(b)(6) can be based on "the lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

**Claim One: Equal Protection**

Plaintiff alleges that TUSD violated the equal protection clause by intentionally and arbitrarily treating the teachers at Catalina Magnet differently than similarly situated teachers from other schools. (Doc. 17 ¶¶ 23, 40, 41.) He asserts that other similarly situated schools with less improvement were granted performance pay on appeal, but Catalina Magnet's appeal was denied. (*Id.* ¶¶ 22, 27, 30, 37.) Plaintiff reasons that the application of different standards on appeal resulted in Catalina Magnet's loss and denied Murchison and others the performance pay to which they were entitled. (*Id.* ¶¶ 31, 32.)

The Fourteenth Amendment guards against a state's intentional and arbitrary discrimination, either through statute or improper execution of the law through appointed

agents. *Village of Willowbrook v. Olech*, 528 U.S. 562, 564 (2000). As the first step in an equal protection claim based on improper enforcement of a statute, a plaintiff must show that the manner of enforcement results in members of a certain group being treated differently from other persons based on membership in that group. *See Jones v. Helms*, 452 U.S. 412, 423-24, (1981); *Hernandez v. Texas*, 347 U.S. 475, 478 (1954).

Plaintiff has not alleged facts sufficient to establish a prima facie case. As argued by Defendants, denial on appeal is not evidence of differential treatment under the Equal Protection Clause. Plaintiff only points to the fact that Catalina Magnet's appeal was denied while other schools with less improvement were granted performance pay on appeal. These allegations, even if proven, do not make out a prima facie case because inequality is not enough – identical treatment is not mandated by the Constitution. *McQueary v. Blodgett*, 924 F.2d 829, 835 (9th Cir. 1991). "There must be an allegation of invidiousness or illegitimacy in [application of] the statutory scheme before a cognizable claim arises: it is a 'settled rule that the Fourteenth Amendment guarantees equal laws, not equal results.'" *Id.* (quoting *Personnel Adm'r of Mass. v. Feeney*, 442 U.S. 256, 273 (1979)). Plaintiff's complaint alleges, in essence, that TUSD erroneously decided Catalina Magnet's appeal. This assertion lacks the necessary element of discriminatory intent.

The class to which Murchison purportedly belongs is that of teachers at Catalina Magnet school. Discriminatory intent as an element of an equal protection claim requires more than an act of volition, "[i]t implies that the decisionmaker . . . selected or affirmed a particular course of action at least in part 'because of' not merely 'in spite of' its adverse effects upon an identifiable group." *Id.* at 279. Plaintiff's allegation that Defendants acted intentionally is merely a conclusory and insufficient recitation of an element of equal protection, without sufficient support to be found plausible. *See Iqbal*, 556 U.S. at 680-81 (declining to extend the assumption of truth to conclusory allegations of the elements of constitutional discrimination). Plaintiff alleges no facts that TUSD acted with discriminatory intent towards him or the group of teachers at Catalina Magnet, nor can one infer such intent

from the allegations in the Second Amended Complaint. The appeal was denied "in spite of" the adverse affect on Murchison and the teachers at his school. *Feeney*, 442 U.S. at 279. Plaintiff does not allege that Defendants denied the appeal based on his membership, or the teachers' membership, in a class and that they acted with discriminatory intent – this is fatal to his equal protection claim.

**Claim Two: Breach of Contract**

Plaintiff alleges that Defendants breached their employment contract with him by failing to pay him the performance pay to which he was entitled. The breach of contract claim is governed by Arizona law, under which a plaintiff must establish a contract, breach of that contract, and damages. *Thunderbird Metallurgical, Inc. v. Arizona Testing Lab.*, 5 Ariz. App. 48, 50, 423 P.2d 124, 126 (1967).

The Court does not consider the merits of Murchison's state law breach of contract claim because it declines to exercise supplemental jurisdiction over it. This is an appropriate course of action when a court has dismissed all the claims over which it has original jurisdiction. 28 U.S.C. § 1367(c)(3). Plaintiff alleges in the Second Amended Complaint that this Court's jurisdiction is based on a federal question (28 U.S.C. § 1331), his allegation in Count One that his federal constitutional rights were violated. The Court has found that claim should be dismissed as to all Defendants. Because the remaining claim involves solely Arizona contract law and a local school district, and is connected to issues previously raised in state court, the Court declines jurisdiction.

Accordingly,

**IT IS ORDERED** that Defendants' Motion to Strike (Doc. 24) is **GRANTED**. The Clerk of Court shall **STRIKE** Plaintiff's sur-reply (Doc. 23) from the record.

**IT IS FURTHER ORDERED** that Defendants' Motion to Dismiss (Doc. 20) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's Second Amended Complaint is **DISMISSED**: Count 1 for failure to state a claim and Count 2 because the Court declines supplemental jurisdiction.

**IT IS FURTHER ORDERED** that the Clerk of Court should enter judgment and close this case.

DATED this 4th day of October, 2012.

D. Thomas Ferraro
United States Magistrate Judge